UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

VERNON SNYPE,                       :

    Petitioner                :   CIVIL ACTION NO. 3:20-1478

v.                                  :        (JUDGE MANNION)

CATRICIA HOWARD,                    :

    Respondent                :

**MEMORANDUM**

Petitioner, Vernon Snype ("Petitioner"), an inmate currently confined in the Allenwood Medium Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges the new mail policy in place at FCI-Allenwood. Id. Specifically, he states that "the BOP is violating [his] first amendment right to incoming mail when they photo copy [his] commercially ordered photograph, provide [him] with a blurry photo copies picture on paper, then destroy[ed] [his] original photo." Id. Additionally, he claims that "due to the new restriction in place at FCI-Allenwood, the mail room has been copying all incoming mail" and "as a result, [his] mail was delayed by two weeks". Id. For relief, Petitioner seeks "commercially ordered photographs be treated in the same manner as other commercially ordered

products" and "because the mailroom cannot provide mail in the one day period as required by law, the new policy must be canceled and the original policy, providing mail without being copied, replaced." Id.

Following an order to show cause, (Doc. 6), Respondent filed a response on January 8, 2020. (Doc. 7). A traverse was filed on October 19, 2020. (Doc. 8). Accordingly, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition.

**I. Discussion**

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to the new mail policy is a challenge to his conditions of his confinement, not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully as a result of his conviction. Rather, Petitioner seeks to have the new mail policy

overturned and the original mail policy reinstated. Such claims, however, do not legally affect the length of his sentence. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. His actual claims do not lie at the "core of habeas" in that they do not challenge the fact or length of a sentence or confinement. Therefore, they are not cognizable in a §2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Consequently, the petition will be dismissed without prejudice to any right Snype may have to reassert his claim in a properly filed civil rights complaint.

## II. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 11, 2020**
20-1478-02

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).